UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORINNE ENGEL,<br><br>        Plaintiff,<br><br>    v.<br><br>CARY FALK, DANNY TAYLOR, and FIRST CHOICE BUSINESS MACHINES,<br><br>        Defendants. | CASE NO. C05-0651C<br><br>ORDER |

This matter comes before the Court on Defendants' motion for summary judgment. (Dkt. No. 11.) Having considered the memoranda, declarations,[1] and exhibits on record, and deeming oral argument unnecessary, the Court finds and orders as follows.

---

[1] In opposition to summary judgment, Plaintiff filed only a three-page declaration repeating the substance of the factual allegations in her complaint. (Dkt. No. 19.) Such a response is ordinarily insufficient to defeat summary judgment. *See* FED. R. CIV. P. 56(e) ("[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."). Moreover, her response was filed on the motion's noting date, four days after it was due. *See* LOCAL RULE CR 7(d)(3) ("Any opposition papers shall be filed and served not later than the Monday before the noting date."). The Court declines to strike her declaration, but will consider it only to the extent it contains specific, admissible factual allegations "showing that there is a genuine issue for trial" and does not contradict her previous sworn deposition testimony. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").

ORDER – 1

I.  APPLICABLE STANDARDS

The Court will enter summary judgment if "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 248–50; *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the non-moving party must respond to the motion with more than conclusory allegations, speculations, or argumentative assertions that material facts are in dispute. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

II.  LEGAL ANALYSIS

    A.  *Washington Law Against Discrimination: Hostile Work Environment and Constructive Termination*

The Court finds that no genuine issues of material fact preclude summary judgment on Plaintiff's claims under the Washington Law Against Discrimination, WASH. REV. CODE § 49.60.180 ("WLAD"), for hostile work environment and constructive termination. These claims are based exclusively on Defendant Falk's use of the term "bitch" during a company meeting, Falk's half-hearted response to Plaintiff's complaint about his language, and Defendant Taylor's subsequent recommendation that Plaintiff attend management training at the company's expense. (*See* Compl. ¶¶ 20–25; Decl. of Corinne Engel ¶¶ 7–8.) A reasonable jury could find that Falk's comment was highly offensive and completely inappropriate in a professional environment. A jury could also find that the responses to Plaintiff's complaint about Falk's comments by Defendants First Choice and Falk were deficient.

However, Plaintiff's deposition testimony and *de minimis* declaration do not support a finding that the conduct complained of was so severe or pervasive that it created a hostile work environment. *See Glasgow v. Georgia-Pacific Corp.*, 693 P.2d 708, 712 (Wash. 1985) (isolated incidents of

ORDER – 2

discriminatory conduct "do not affect the terms or conditions of employment to a sufficiently significant degree to violate the law"); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) ("[M]ere utterance of an . . . epithet which engenders offensive feelings in an employee . . . does not sufficiently affect the conditions of employment to implicate Title VII." ).   Necessarily, therefore, there is not sufficient evidence to support a finding that Defendants' conduct created working conditions so intolerable that Plaintiff was constructively terminated.  *Cf. Washington v. Boeing Co.*, 19 P.3d 1041, 1050 (Wash. Ct. App. 2000) ("The inappropriate name-calling was not an ongoing occurrence . . . . While the alleged negative remarks about women [were] frustrating, they do not rise to the level of being so difficult or unpleasant that a reasonable person in [the plaintiff's] position would have felt compelled to resign.").[2]

  B.  *Washington Law Against Discrimination: Retaliation*

Although Plaintiff's complaint does not clearly make out a claim for retaliation, she asserts in her declaration in opposition to summary judgment that Defendants' "decision to have me participate in the 'management/leadership training' program was in direct retaliation for the filing of my grievance complaint with the First Choice Human Resource Department and my discrimination complaint with the EEOC."  (Decl. of Corrine Engel ¶ 7.)   Plaintiff has not alleged or submitted evidence to show that the management-training decision or the exercise itself was offensive or caused harm.  (*See* Decl. of Linda Walton Ex. A at 49–51 (Plaintiff's deposition testimony that management-training was helpful, inoffensive, and not a cause for her resignation).)  Because this evidence cannot support a finding that Plaintiff was subjected to an adverse employment action, her retaliation claim must be dismissed.  *See Hines v. Todd Pac. Shipyards Corp.*, 112 P.3d 522, 531 (Wash. Ct. App. 2005).

---

[2] Plaintiff's prayer for punitive damages on her WLAD claims is not cognizable under Washington law. *See Daily v. N. Coast Life Ins. Co.*, 919 P.2d 589, 590, 592 (Wash. 1996) ("Governing the resolution of this case is the court's long-standing rule prohibiting punitive damages without express legislative authorization. . . . If the Legislature had intended to make punitive damages available for employment discrimination under the LAD, it would have unambiguously so provided.").

ORDER – 3

### C. Malicious Harassment

Plaintiff's third cause of action in her complaint states that "the intentional acts" of Defendants Falk and Taylor "constitute an act [sic] of intentional and malicious harassment of the plaintiff on account of her sex." (Compl. ¶ 41.) Under Washington law, the civil tort action for malicious harassment requires evidence of "intentional infliction of physical injury or threats of harm which leave a person in reasonable fear of harm and which is motivated by the perpetrator's perception of the victim's gender." *Ziegler v. Ziegler*, 28 F. Supp. 2d 601, 618 (E.D. Wash. 1998). Because Plaintiff has presented no evidence that Falk's or Taylor's actions inflicted physical injury or left her in reasonable fear of harm, she cannot make out a *prima facie* case of malicious harassment.

### D. Wrongful Discharge in Violation of Public Policy

As with her retaliation claim, Plaintiff makes no express claim for wrongful termination in violation of public policy; only the broadest possible reading of Plaintiff's complaint even suggests such a claim. Regardless, because Plaintiff has not presented evidence supporting a finding that she was actually or constructively discharged, she cannot make out a *prima facie* claim for wrongful discharge. *See Sedlacek v. Hillis*, 36 P.3d 1014, 1018 (Wash. 2001).

### E. Defamation

Plaintiff's defamation claim arises from a letter that Plaintiff received from Defendant Taylor approximately three months after Falk's offensive comments. (Compl. ¶ 44.) What little evidence Plaintiff has submitted does not support a finding that the statements in Taylor's letter were entirely or partially false. (*See* Dkt. No. 2 at 22–23); *see also Herron v. KING Broadcasting Co.*, 776 P.2d 98, 101 (Wash. 1989) ("The plaintiff responding to a motion for summary judgment in a defamation case must show that the jury could decide in his favor while applying the clear and convincing evidence standard."). Assuming, however, that any part of the letter was factually false, there is insufficient evidence for a rational trier of fact to conclude "that the substantively false parts of the [letter] were a factual cause of damage that would not have occurred but for those false parts." *Schmalenberg v. Tacoma News, Inc.*,

ORDER – 4

943 P.2d 350, 364 n.66 (Wash. Ct. App. 1997).  Plaintiff also has not shown that the letter was defamatory *per se* because there is no evidence that any statements in the letter "injured [her] in [her] business, trade, profession or office." *Caruso v. Local Union No. 690 of Int'l Bhd. of Teamsters*, 670 P.2d 240, 245 (Wash. 1983).

### F. Breach of Express or Implied Contract

Next, Plaintiff's breach-of-contract claim must fail because she has not submitted evidence showing that Defendants' conduct breached an express provision in an employment contract or employee handbook issued by First Choice. *See Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1087 (Wash. 1984) (employer's duties found primarily in employment contracts and "employee policy manuals or handbooks issued by employers to their employees").  Nor is Plaintiff's claim for breach of "the implied covenant of good faith and fair dealing" recognized under Washington law.  *Id.* at 1086.

### G. Equal Pay Act

Plaintiff also alleges that Defendants violated the Equal Pay Act, 29 U.S.C. § 206(d), by paying two male co-workers several thousand dollars in additional salary for the same positions occupied by Plaintiff. (Compl. ¶¶ 51–54.)  Viewing what little evidence there is in the light most favorable to Plaintiff, a jury could not reasonably conclude that Plaintiff and her male predecessors were performing "substantially equal" work. (*Compare* Decl. of Nancy Magill ¶¶ 3–5, *with* Walton Decl. Ex. A. at 38–39, 45 *and* Engel Decl. ¶ 3.)  In fact, the evidence indicates that there were sufficient differences in experience and job duties to explain the different salaries paid to Plaintiff and the male supervisors. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1075 (9 Cir. 1999) (holding that employers "may reward professional experience without violating the EPA").  Nor has Plaintiff offered evidence suggesting that her employer used the male supervisors' greater experience as a pretext for gender-based discrimination. *Id.* at 1076.

ORDER – 5

III.   CONCLUSION AND ORDER

For these reasons, the Court GRANTS Defendants' motion for summary judgment, and ORDERS that this case be DISMISSED in its entirety and with prejudice.

SO ORDERED this 22nd day of August, 2006.

*[signature: John C. Coughenour]*

UNITED STATES DISTRICT JUDGE

ORDER – 6